## Commonwealth ex rel. Insalaco *v.* Delconte, Appellant.

Argued November 14, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, O'BRIEN and ROBERTS, JJ.

222

*Charles J. Bufalino, Jr.,* with him *Charles J. Bufalino, Sr.,* for appellant.

*Arthur D. Dalessandro,* for appellee.

OPINION PER CURIAM, January 7, 1964:

The appeal in this habeas corpus proceeding is by the maternal grandparents from the award of custody of their two granddaughters, ages eight and six years, to the natural father. Both children have resided with the grandparents since their mother's death (September 27, 1961), and have expressed strong preferences to remain in that household. The older child is diabetic and requires a great deal of daily special medical and dietary care and supervision. All agree that the children should not be separated.

Despite the approximately 750 pages of testimony, the record is essentially free from basic conflicts or material contradictions in the testimony offered by the contesting parties. Furthermore, there is no challenge to the good character or reputation of either party. The ability and desire of the parties to provide the children with an adequate, wholesome and affectionate home environment is not contested. As found by the trial court, both the grandparents and the father have always "unselfishly given" the children "loving care and affection."

The grandparents earnestly contend that because of the diabetic condition of the older grandchild, it would be hazardous and unwise to subject her to a

change of custody and to the attending nervous and emotional reactions she may undergo. It is primarily on this basis and on the showing that they have met the special needs of the child, together with the expressed preferences of the children, that the grandparents seek to retain custody.

Our review of the record satisfies us that the hearing judge properly considered all the evidence and has understandingly evaluated the present and future welfare of the children, and particularly, the difficulties and uncertainties surrounding the diabetic condition of the older child, the expressed preferences of the children, their ages, the stages of their physical, emotional and educational development, the difference in the ages of the litigants, the father's prima facie right to custody, as well as the importance of "the continuance of a proper relationship with their father and the grandparents."

The hearing judge appropriately voiced the law's continuing concern for the welfare of the children and the court's genuine awareness of the special problems presented by the older child's aliment: "Our recognition of the father's rights are not inflexible. We do not believe he will stand by idly if the health of his children is seriously prejudiced. Any finality evolving from this decision as to the rights of the parties cannot foreclose a future change of custody based upon a showing of a change in conditions."

We share the unanimous opinion of the Superior Court that the order of the court below should not be disturbed.

The decision of the Superior Court is affirmed.

Mr. Justice MUSMANNO dissents.